**Sean Baptiste NEAL, Petitioner— Appellant,**

v.

**Ernest C. ROE, Warden, Respondent— Appellee.**

No. 01–55766.

D.C. No. CV–98–06150–CRM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2002.

Decided Dec. 24, 2002.

Before D.W. NELSON and T.G. NELSON, Circuit Judges, and SCHWARZER,* District Judge.

* The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation.

MEMORANDUM **

Sean Neal appeals the district court's denial of his habeas corpus petition. He contends that his Sixth Amendment right to counsel was violated when he was not provided substitute counsel during his motion for new trial. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Because the facts are known to the parties, we do not recite them here. We may reverse the state court's decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) when the decision was "contrary to, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States."[1]

■■■ Neal was not entitled to an automatic appointment of substitute counsel during his new trial motion.[2] The only remaining way for Neal to show that his Sixth Amendment right to counsel was violated, thus that the decision was "contrary to, or involved an unreasonable application of federal law," is to show that he was denied effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court said that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result."[3] Under *Strickland*, Neal must prove not only that his Sixth Amendment rights were violated because he was denied effective assistance of counsel, but also that he suffered actual prejudice because of the violation.[4] However, in *Mickens v. Taylor*,[5] the Supreme Court explained an exception to *Strickland's* test by presuming prejudice. The Court stated, "[w]e have spared the defendant the need of showing probable effect upon the outcome, and have simply presumed such effect, where assistance of counsel has been denied entirely or *during a critical stage of the proceeding.*"[6]

Neal must still show that "some effect on counsel's handling of particular aspects of the trial was likely."[7] In other words, Neal's counsel's behavior during the hearing must have been influenced by the conflict. Ultimately, Neal failed to meet this burden.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Van Tran v. Lindsey*, 212 F.3d 1143, 1148–49 (9th Cir.2000) (quoting AEDPA, 28 U.S.C. § 2254(d)(1)) (internal quotation marks omitted). We review a district court's decision to deny a habeas petition de novo. *Killian v. Poole*, 282 F.3d 1204, 1207 (9th Cir.2002) *petition for cert. filed*, 71 U.S.L.W. 3352 (U.S. Oct. 30, 2002) (No. 02–687).

We do not consider Neal's arguments raised for the first time in his reply brief. *See United States v. Montoya*, 45 F.3d 1286, 1300 (9th Cir.1995).

2. *Jackson v. Ylst*, 921 F.2d 882, 887–88 (9th Cir.1990) (holding that "there is no automatic right to a substitution of counsel simply because the defendant informs the trial court that he is dissatisfied with appointed counsel's performance").

3. 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although *Strickland* specifically referred to "trial" proceedings, we have previously held that a motion for new trial is a "critical stage of the prosecution" warranting representation as well. *Menefield v. Borg*, 881 F.2d 696, 698–99 (9th Cir.1989).

4. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

5. 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002).

6. *Id.* 535 U.S. at ——, 122 S.Ct. at 1241 (emphasis added).

7. *United States v. Miskinis*, 966 F.2d 1263, 1268 (9th Cir.1992) (internal quotation marks omitted).

The record is devoid of any evidence that Neal's counsel was adversely affected by the conflict. In fact, the record evidences the opposite: Neal's counsel clarified the basis for Neal's motion. Additionally, counsel doubled-checked with Neal that he was accurately conveying Neal's complaints to the court. Because Neal did not prove his counsel was influenced by the conflict, we hold that he was not denied effective representation of counsel.

AFFIRMED.